IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEVIN D.,[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Civ. No. 1:19-cv-00165-SU

OPINION & ORDER

SULLIVAN, Magistrate Judge:

Plaintiff Kevin D. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying benefits. All parties have consented to magistrate judge jurisdiction in this case. ECF No. 3. The decision of the Commissioner is REVERSED and REMANDED for calculation and award of benefits.

## BACKGROUND

On September 14, 2015, Plaintiff filed a Title II application for a period of disability and disability insurance benefits alleging disability beginning on August 1, 2013, although the alleged onset date was later amended to July 1, 2016. Tr. 13. The claims were denied initially and upon reconsideration. *Id.* At Plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on February 15, 2018. *Id.* On March 12, 2018, the ALJ issued a decision

---

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

finding Plaintiff not disabled. Tr. 21. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r*, 648 F.3d 721, 724 (9th Cir. 2011).

> The five-steps are: (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Id.* at 724-25; *see also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Bustamante*, 262 F.3d at 953. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date, July 1, 2016. Tr. 15. The ALJ determined Plaintiff had the following severe impairments: foot pain, anxiety disorder, post-traumatic stress disorder ("PTSD"), personality disorder, and somatoform disorder. *Id.* The ALJ determined Plaintiff's impairments did not meet or equal a listed impairment. Tr. 16.

The ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following additional restrictions: he is limited to one-to-two-step simple tasks and "he should work with things and not people." Tr. 17.

Plaintiff was 30 years old on the alleged onset date. Tr. 20. He has at least a high school education and is able to communicate in English. *Id.* The ALJ determined that Plaintiff was unable to perform his past relevant work. Tr. 19. At step five of the sequential analysis, the ALJ determined that Plaintiff was able to perform work as an optical goods assembler, an addresser, and a cutter. Tr. 20. Accordingly, the ALJ determined Plaintiff was not disabled. Tr. 21.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

When the evidence before the ALJ is subject to more than one rational interpretation, courts must defer to the ALJ's conclusion. *Batson*, 359 F.3d at 1198 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). A reviewing court, however, cannot affirm the Commissioner's decision on a ground that the agency did not invoke in making its decision. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## DISCUSSION

Plaintiff alleges the ALJ erred by (1) failing to discuss or consider the opinions of Plaintiff's medical providers with the U.S. Department of Veterans Affairs ("VA"); (2) improperly discounting the opinion of examining physician Daniel Selinger, M.D.; (3) improperly discounting Plaintiff's subjective symptom testimony; and (4) failing to properly reject or utilize the VA's finding that Plaintiff is 98% disabled. The Commissioner concedes that the ALJ erred by failing to consider the VA evidence and further concedes that this case should be reversed and remanded. The parties dispute whether remand should be for further proceedings or for immediate calculation and award of benefits.

The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. *Triechler v. Comm'r*, 775 F.3d 1090, 1101-02 (9th Cir. 2014). A remand for award of benefits is generally appropriate when: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed, there are no outstanding issues that must be resolved, and further administrative proceedings would not be useful; and (3) after crediting the relevant evidence, "the record, taken as a whole, leaves

not the slightest uncertainty" concerning disability. *Id.* at 1100-01 (internal quotation marks and citations omitted). The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1178 n.7 (9th Cir. 2000).

As previously noted, the Commissioner concedes "the ALJ should have evaluated various VA medical opinions" and argues that "on remand [the ALJ] should re-evaluate the symptom testimony and third party statement findings." Def. Br. at 4. ECF No. 26. On the second prong of the analysis, the Commissioner argues that there are outstanding issues in the record because the ALJ failed to fully discuss the medical evidence. The Commissioner also argues that there are conflicts and ambiguities in the record that require further development by the ALJ but does not identify any specific conflicts or ambiguities. *Id.* at 5-7.

The ALJ's discussion of the VA's disability determination is limited to a single brief paragraph:

> The Veteran's Administration [sic] found that the claimant had a service connected disability of 98% (flat foot 50%, PTSD 50%, limited motion of ankle 20%, hammer toe 10%, tinnitus 10%). Even though great weight is given to the VA Disability 90% rating, this does not preclude the claimant from performing simple sedentary work on a sustained basis where he can work with things not people.

Tr. 18.

During Plaintiff's Compensation and Pension ("C&P") examinations, VA examiners found that Plaintiff had a "Total occupational and social impairment." Tr. 487. The VA examiners found that Plaintiff's PTSD and depression had increased in severity between 2013 and 2016. Tr. 493. The VA examiners concluded that Plaintiff has severe impairments to his ability to maintain persistence and pace, his ability to arrive to work on time, and his ability to work a regular schedule without excessive absences. Tr. 495.

Plaintiff was examined by VA providers on October 27, 2015 as part of the C&P process. Tr. 496. The VA provider determined that Plaintiff required regular use of a cane to relieve the weight to his right ankle and right foot. Tr. 503. The examiner determined that Plaintiff could not stand for more than five minutes without sitting and could not walk for more than fifteen minutes without sitting. Tr. 504.

In psychological terms, VA providers found that Plaintiff had "moderate to severe" PTSD symptoms and that Plaintiff "has become destructive with his anger." Tr. 483. The examiner found that Plaintiff's "concentration was scattered as he has difficulty remembering details of situation." Tr. 484. The treatment notes indicate that Plaintiff struggles "to independently perform most basic activities of daily living and household chores," and "he experiences symptoms of Anxiety and Anger that inhibit his ability to complete tasks associated with memory." Tr. 484-85.

Although the Commissioner agrees that these records conflict with the ALJ's RFC determination, the Commissioner fails to identify any specific dispositive conflicts or ambiguities between the VA records and the rest of the evidence. *See Kistler v. Colvin*, Civil No.: 3:14-cv-00942-JE, 2016 WL 3633444, at *14 (D. Or. June 2, 2016) ("[I]n order for a conflict in the record to necessitate remand, there must be a likelihood of utility."). It is not the Court's obligation to trawl the record in search of a specific conflict on the Commissioner's behalf and the Court's own review of the record has not revealed any dispositive conflicts or ambiguities. The VA examiners' opinion on Plaintiff's standing and walking limitations is, for example, generally consistent with the opinion of examining physician Dr. Selinger, who opined that Plaintiff could stand or walk for less than two hours because of the pain in Plaintiff's feet. Tr. 358. Nor does the Commissioner identify any gaps in the record or any outstanding issues that justify remand. The Court concludes that the record is complete and that further administrative proceedings would not be useful.

With respect to the final prong of the analysis, the Commissioner suggests that "serious doubts remain whether Plaintiff is disabled," but provides no additional argument or evidence in support of that position. Def. Br. at 5. The Court has reviewed the record, crediting the improperly excluded or discounted evidence as true, and finds no cause to seriously doubt that Plaintiff is disabled. Remand shall therefore be for calculation and award of benefits.

## CONCLUSION

Pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is REVERSED and REMANDED for calculation and award of benefits.

It is so ORDERED and DATED this 9th day of September 2020.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge